**REVERSED IN PART AND REMANDED; and Opinion Filed April 5, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00591-CV**

**MSF CONTRACTING GROUP, LLC, Appellant**
**V.**
**JOHN HICKMAN, LLC AND SERVICE STEEL WAREHOUSE CO., LP,**
**Appellees**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-00088-2023**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Carlyle

MSF Contracting Group, LLC appeals from the trial court's order partially denying its motion to compel arbitration against John Hickman, LLC. We reverse in part and remand for further proceedings consistent with this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Hickman hired MSF to construct a commercial building in Frisco, Texas. MSF subcontracted with Texas Steel to fabricate and install certain steel structures for the project, and Texas Steel in turn contracted with Service Steel Warehouse Co., LP to supply materials. After Texas Steel failed to pay Service Steel for those materials,

Service Steel filed this lawsuit against Hickman in the 219th Judicial District Court, seeking to enforce a mechanic's lien on Hickman's property.

Hickman filed third-party claims against MSF, alleging among other things that MSF breached the parties' contract and its statutory duties by failing to defend and indemnify Hickman against Service Steel's claims. Hickman also filed a separate lawsuit against MSF and its principals in the 416th Judicial District Court, asserting various additional claims related to the project. On MSF's motion, the 416th Judicial District Court entered an order compelling Hickman's claims to arbitration under an arbitration clause contained in Hickman's contract with MSF. Citing the 416th court's order, MSF then moved the 219th court to compel Hickman's pending third-party claims to arbitration.

After MSF filed its motion to compel arbitration, Hickman filed a motion asking the 219th court to: (1) consolidate its pending case with the one filed in the 416th court; (2) direct MSF to defend and indemnify Hickman for the lien claims pending in the 219th court; (3) stay proceedings pending resolution of the arbitration between Hickman and MSF; and (4) allow MSF's subcontractors to bring their claims against MSF following the arbitration.

At the hearing on the pending motions, the trial court announced that it would consolidate the cases and partially deny MSF's motion to compel arbitration— compelling all claims between Hickman and MSF to arbitration except for Hickman's claims for statutory defense and indemnification. It also announced that

–2–

it would not stay its proceedings; instead, it would allow the parties to conduct discovery and set a distant trial date with the expectation that Hickman and MSF would complete the arbitration before trial. The trial court entered an order consistent with its announced rulings, and MSF appeals.

Before addressing MSF's appellate issues, however, we must address Hickman's assertion that we should dismiss the appeal because MSF failed to establish appellate jurisdiction. Hickman first argues that MSF failed to perfect its appeal because it did not identify a "necessary party"—Service Steel—as an appellee in its appellate filings. Although MSF failed to identify Service Steel as an appellee in its brief, its docketing statement listed Service Steel as an "additional appellee." In any event, MSF perfected its appeal by filing its notice of appeal, which invoked our jurisdiction over all parties to the trial court's order, including Service Steel. *See* TEX. R. APP. P. 25.1(b). And after receiving notice from this Court, Service Steel filed its appellee's brief. Under these circumstances, we do not believe dismissal of MSF's appeal is warranted based on its failure to identify Service Steel as an appellee under appellate rule 38.1(a).

Hickman also argues we should dismiss the appeal because MSF did not otherwise establish appellate jurisdiction over its issues. Hickman asserts that the trial court "did not deny a motion to compel arbitration, it merely determined that discovery in the lien lawsuit could continue and that the Property Code mandated

that [MSF] defend the lien claims." But the trial court partially denied MSF's motion to compel arbitration. Indeed, the trial court's order specifically states that

> as regards to [MSF's] Motion to Compel Arbitration, the motion is denied as it pertains to the rights and obligations under Section 53.153 of the Texas Property Code, but as it relates to other claims between John Hickman, LLC and MSF Contracting Group, LLC, unrelated to said rights, those such claims will be subject to arbitration.

To the extent MSF appeals the trial court's decision to deny its motion to compel Hickman's statutory defense and indemnity claims to arbitration, we have jurisdiction over the appeal. *See* TEX. CIV. PRAC. & REM. CODE § 179.098(a)(1).

That said, to the extent MSF seeks to appeal the trial court's decision not to stay Service Steel's claims pending the arbitration's resolution, it has not preserved that issue for our review. *See* TEX. R. APP. P. 33.1. The prayer for relief in MSF's motion to compel arbitration did not include such a stay request. And at the hearing on its motion, MSF specifically disavowed any request to stay Service Steel's claims pending the arbitration: "Whether or not anything else gets stayed in this case would be between Hickman and Service Steel and the other parties, but as to MSF and Hickman, that should be an arbitration. That's what we're requesting, Your Honor." MSF cannot appeal the trial court's decision to deny a stay it did not request.

We thus turn to the sole issue properly before us—whether the trial court erred by refusing to compel to arbitration Hickman's statutory claims for defense and

indemnity under property code § 53.153.[1] A party seeking to compel arbitration must prove that a valid arbitration agreement exists. *See AdvoCare GP, LLC v. Heath*, No. 05–16–00409–CV, 2017 WL 56402, at *3 (Tex. App.—Dallas Jan. 5, 2017, no pet.) (mem. op.). "Once the existence of an arbitration agreement has been shown, the party resisting arbitration bears the burden of proving that the dispute at issue falls outside of the arbitration agreement's scope." *Id.* at *4.

Hickman does not dispute that it is bound by a valid arbitration clause in its contract with MSF. Hickman thus had the burden to prove its statutory claims were not subject to arbitration. *See id.* As an initial matter, the parties' arbitration agreement is broad in scope, requiring arbitration of any "Claims, disputes, or other matters in controversy arising out of or related to" the parties' contract. The term "Claim" is also defined by the contract as including "disputes and matters in question between [Hickman and MSF] arising out of or relating to the Contract."

When an arbitration clause is broad like this one, there is a presumption of arbitrability, and a court must compel arbitration "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Id.* (cleaned up). Here, we cannot say with positive

---

[1] MSF's brief appears to ask only that Service Steel's lien claim be stayed pending the arbitration between MSF and Hickman. Nevertheless, MSF's prayer for relief asks that "all matters in the trial court[] case be compelled to arbitration." To the extent MSF asks that we compel to arbitration claims brought by Service Steel or any other lienholders who are not signatories to the arbitration agreement between MSF and Hickman, MSF has not provided argument or relevant authorities addressing whether such claims would be subject to arbitration. Thus, MSF presents nothing for our review. *See* TEX. R. APP. P. 38.1; *Sprowl v. Stiles*, No. 05-18-01058-CV, 2019 WL 3543581, at *4 (Tex. App.—Dallas Aug. 5, 2019, no pet.) (mem. op.).

assurance that the parties' broad arbitration clause, which covers all "disputes and matters in question . . . relating to the" contract between MSF and Hickman, would not cover a dispute as to whether MSF must defend and indemnify Hickman in the lawsuit filed by Service Steel.

Hickman nevertheless argues that because its claims for defense and indemnity arise under the property code, rather than the parties' contract, it may assert those claims in court. For that proposition, it cites *In re Vesta Insurance Group, Inc.*, 192 S.W.3d 759, 761 (Tex. 2006). *In re Vesta* dealt with whether a nonsignatory to a contract with an arbitration clause could force a signatory to arbitrate a tortious interference claim relating to the contract under the doctrine of direct benefits estoppel. *Id.* In that context, the supreme court stated that although "the boundaries of direct-benefits estoppel are not always clear, nonparties generally must arbitrate claims if liability arises from a contract with an arbitration clause, but not if liability arises from general obligations imposed by law." *Id.* Because both Hickman and MSF are parties to the arbitration agreement at issue, direct benefits estoppel does not apply. Thus, the distinction the supreme court drew between claims arising out of a contract and those arising out of general obligations imposed by law has no bearing on this case.

Hickman also contends that "any argument that a [statutory] defense obligation is subject to arbitration is a non-sequitur," asking: "How would [MSF] defend in the arbitration claims that are pending in state court, raised by non-parties

to the arbitration"? Hickman misunderstands the issue. The issue is not whether any statutory defense obligation would apply in the arbitration; it is whether the parties agreed to have an arbitrator, rather than a court, determine the extent to which MSF must defend Hickman in the pending state court proceedings. Under the parties' broad arbitration provision, any question or dispute concerning matters related to their contract—including the extent to which the property code requires MSF to defend or indemnify Hickman from lien claims related to their contractual relationship—must be determined by the arbitrator rather than the court.[2]

We reverse the trial court's order to the extent it denies MSF's motion to compel arbitration of Hickman's statutory claims, and we remand to the trial court with instructions to enter an order compelling those claims to arbitration and for further proceedings consistent with this opinion.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

---

[2] We express no opinion on whether the trial court should stay its proceedings in light of our holding that an arbitrator must determine the extent to which MSF is liable to defend and indemnify Hickman. We note, however, that the parties are free to seek reconsideration of the trial court's decision to deny a stay upon remand.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MSF CONTRACTING GROUP, LLC, Appellant

No. 05-23-00591-CV     V.

JOHN HICKMAN, LLC, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-00088-2023.
Opinion delivered by Justice Carlyle. Justices Goldstein and Breedlove participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's order that denies MSF Contracting Group, LLC's motion to compel John Hickman, LLC's statutory defense and indemnity claims to arbitration. In all other respects, the trial court's order is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant MSF Contracting Group, LLC recover its costs of this appeal from appellee John Hickman, LLC.

Judgment entered this 5th day of April, 2024.